```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
--------------------------------------
DONALD SCHOON and RUBY SCHOON,

                Plaintiffs,        07 Civ. 2900 (JGK)

    - against -                 MEMORANDUM OPINION
                                                AND ORDER

ELIZABETH R. BERLIN, Commissioner of
Office of Temporary Disability
Asst., MS. ELAINE DARBY, Director of
Rider Ctr. #38, FRANK AGBI,
Supervisor Of Fair Hearing Unit at
Rider Ctr. #38, MS. MARTOS, Fair
Hearing Liaison of Rider Ctr., MS.
DONNA GIBSON, Liaison of Community
Affairs at HRA Central Complaint
Unit[1]

                Defendants.
--------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiffs, Donald and Ruby Schoon, filed this action, pro se, alleging numerous claims arising out of various denials of public assistance benefits.  Judge Kimba Wood dismissed each of the allegations and directed the plaintiffs to file an amended complaint regarding their due process claims arising from a June 2006 denial of public assistance food stamps.

    The plaintiffs' Second Amended Complaint (the "SAC") alleges that several City employees and the State Commissioner of the Office of Temporary Disability Assistance ("OTDA"), violated (1) the Ninth and Fourteenth Amendments, (2) the "Expo Facto" Clause; (3) the "Human Rights Act"; (4) 42 U.S.C. §§ 1983

---

[1] The Clerk is directed to amend the official caption to conform to the above.

1

and 1985; and (5) 18 U.S.C. §§ 241 and 246.  The plaintiffs request punitive damages pursuant to 18 U.S.C. §§ 241 and 246, declaratory relief pursuant to 28 U.S.C. § 2201, and reinstatement of their daughter's benefits.

The defendants, Elaine Darby, as Director of Rider Center #38, Frank Agbi, as Supervisor of the Fair Hearing Unit, Ms. Martos, as Fair Hearing Liaison of the Rider Center, and Donna Gibson, as Liaison of Community Affairs at HRA Central Complaint Unit (collectively, the "City Defendants"), and Elizabeth R. Berlin, as Commissioner of the OTDA (the "State Defendant"), move separately, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), to dismiss the SAC.  In lieu of responding to that motion, the plaintiffs moved for summary judgment pursuant to Federal Rule of Civil Procedure 56.[2]

**I.**

When presented with motions under both Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction and Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, the Court must first analyze the Rule 12(b)(1) motion to determine whether the Court has subject matter jurisdiction to consider the merits of the

---

[2] In that motion, the plaintiffs claim that their daughter was improperly removed from the food stamp budget on February 10, 2010.  This claim is not part of the SAC.  Accordingly, that claim is not part of this case and is not considered in this opinion.  The cross motion is therefore denied without prejudice to any separate action alleging such a claim.  This Court expresses no opinion on the merits of such a claim.

2

action.  See Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990); Abrahams v. App. Div. of the Sup. Ct., 473 F. Supp. 2d 550, 554 (S.D.N.Y. 2007), aff'd on other grounds, 311 Fed. App'x. 474 (2d Cir. 2009); see also S.E.C. v. Rorech, 673 F. Supp. 2d 217, 220 (S.D.N.Y. 2009).

In defending a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Procedure 12(b)(1), the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence.  In considering such a motion, the Court generally must accept the material factual allegations in the complaint as true.  See J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004).  The Court does not, however, draw all reasonable inferences in the plaintiff's favor.  Id.; Graubart v. Jazz Images, Inc., No. 02 Civ. 4645, 2006 WL 1140724, at *2 (S.D.N.Y. Apr. 27, 2006).

On a Rule 12(b)(6) motion to dismiss, the allegations in the complaint are accepted as true.  Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998).  In deciding a motion to dismiss, all reasonable inferences must be drawn in the plaintiff's favor.  Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995); Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally

3

sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly v. Bell Atl. Corp., 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

The pleadings and allegations of a pro se plaintiff must be construed liberally for the purpose of a motion to dismiss pursuant to Rule 12(b)(6).  See McKithen v. Brown, 481 F.3d 89, 96 (2d. Cir. 2007); Weixel v. Bd. of Educ., 287 F.3d 138, 145-46 (2d Cir. 2002).  Additionally, the submissions of a pro se litigant should be interpreted to "raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken.  See Chambers v. Time

Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also Kavowras v. N.Y. Times Co., 328 F.3d 50, 57 (2d Cir. 2003); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991); Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991).

**II.**

The defendants move to dismiss all the claims in the SAC for lack of standing, insofar as they are raised on behalf of the plaintiffs' daughter, Jacquelyn Schoon.[3]

Under Federal Rule of Civil Procedure 17(c) a "non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990). As a result, the plaintiffs cannot assert the rights of their daughter.

While it is within this Court's power to appoint counsel to represent the daughter, the SAC, as discussed below, provides insufficient indicia that the claims are likely to be meritorious to justify appointment of counsel. See Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 132-35 (2d Cir. 2009); Wenger

---

[3] Additionally, the City Defendants move to dismiss for lack of subject matter jurisdiction for mootness. Their argument refers to, and relies upon, matters outside the pleadings as described in Federal Rule of Civil Procedure 12(b). Where the movant is a represented party and the motion requests judgment on the pleadings against a party proceeding pro se, and the motion is supported by matters outside the pleadings, the Local Rules require the movant to follow a procedure for giving notice. See S.D.N.Y. R. 12.1. The City Defendants, however, failed to follow this procedure and provide the requisite notice. Therefore the Court will not consider any materials that it could not consider on a Rule 12(b) motion without converting into a motion for summary judgment. Because the mootness argument depends on matters outside the complaint, the Court denies it without prejudice.

5

v. Canastota Cent. Sch. Dist., 146 F.3d 123, 125 (2d Cir. 1998) (per curiam) (a court may properly decline to appoint counsel— even for a minor or incompetent person—"when it is clear that no substantial claim might be brought on behalf of such a party"), overruled on other grounds by Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007).  Accordingly, all claims are dismissed without prejudice insofar as they are brought on behalf of Jacquelyn Schoon.

### III.

Insofar as the SAC alleges claims on behalf of Donald and Ruby Schoon, it fails to state a cause of action upon which relief can be granted and, thus, must be dismissed.

### A.

Plaintiffs assert a violation of the Ninth Amendment. However, "[t]he Ninth Amendment is not an independent source of individual rights; rather, it provides a 'rule of construction' that [courts] apply in certain cases." Jenkins v. Comm'r, 483 F.3d 90, 92 (2d Cir. 2007).  Accordingly, the Ninth Amendment does not provide a cause of action.

The plaintiffs also allege a violation of the "Expo Facto Law," which this Court construes to mean the Ex Post Facto Clause of Article I, Section 9 of the Constitution.  However, the Ex Post Facto Clause applies only to criminal statutes.  See Domond v. U.S. I.N.S., 244 F.3d 81, 87 (2d Cir. 2001) ("The ex

post facto clause forbids retroactive application of penal legislation, not civil legislation . . . ."). Accordingly, the plaintiffs' claims under the Ex Post Facto Clause are dismissed.

**B.**

The plaintiffs also assert a violation of their right to food under the "Human Rights Act." Specifically, the plaintiffs allege that (1) the amount of Social Security Income their household receives constitutes "cruel and inhuman treatment," and that (2) discontinuance of their food stamps violated their right to food. This Court construes the "Human Rights Act" to mean New York State's and New York City's Human Rights Laws. Those laws, however, apply only to denial of employment, education, access to public accommodations, or housing on the basis of "age, race, creed, color, national origin, sexual orientation, military status, sex, marital status, or disability." N.Y. Exec. Law § 291 (2010); see also N.Y. Admin. Code § 8-101. Accordingly, the plaintiffs fail to state a claim for violation of these laws.

**C.**

The plaintiffs seek relief under the criminal statutes 18 U.S.C. §§ 241 and 246. Section 241 imposes monetary penalties and incarceration for conspiring to deprive an individual of rights or privileges secured by the Constitution. Section 246 imposes monetary penalties and incarceration for deprivation of

7

relief benefits.

Neither of these criminal statutes provides a private right of action to civil litigants.  See Dugar v. Coughlin, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985); cf. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994) (holding that 18 U.S.C. § 242 does not provide a private cause of action).  Moreover, the violation of those statutes cannot serve as a predicate for a section 1983 or 1985 action.  Cf. Dugar, 613 F. Supp. at 852 n.1.  Accordingly, the plaintiffs' claims under 18 U.S.C. §§ 241 and 246 are dismissed.

**D.**

While the SAC does not explicitly allege violations of 42 U.S.C. §§ 1983 and 1985, its reference to 18 U.S.C. §§ 241 and 246, coupled with this Court's affirmative duty to construe all pro se allegations to raise the strongest claims suggested, makes analysis of these claims proper.

**1.**

The plaintiffs have failed to plead the elements required to state a claim under section 1985.  See United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott, 463 U.S. 825, 828-29 (1983) (requiring the plaintiff to allege (1) a conspiracy (2) to deprive an person or class of persons of federally protected rights, (3) actions in furtherance of the conspiracy, and (4) injury in fact).  Instead, the plaintiffs

8

offer conclusory allegations that (1) "Ms. Ruby Utley . . . acted in concert in violating our rights," and (2) Judge Goldstein "conspired by neglecting his duties and responsib[ilities] in violation of his own departmental procedures." (SAC at 6.)  The plaintiffs, however, do not offer any allegations as to which of the defendants these third parties conspired with, or any factual allegations to support the conclusory allegations.  Use of the word conspiracy bolstered only by vague and conclusory allegations is not sufficient to state a claim under section 1985.  See Iqbal, 129 S. Ct. at 1949-50; Hampton Bays Connections, Inc. v. Duffy, 127 F. Supp. 2d 364, 376 (E.D.N.Y. 2001) ("[M]ere mention of th[e] word [conspiracy] is insufficient to allege a conspiracy under Section 1985.  Indeed, conclusory, vague, and general allegations of conspiracy do not survive a motion to dismiss.").  Thus, the section 1985 claim must be dismissed.

### 2.

The SAC also fails to plead a procedural due process claim. When asserting a procedural due process claim under section 1983, "a plaintiff must establish (1) that he possessed a [life, liberty, or property] interest and (2) that the defendants deprived him of that interest as a result of insufficient process."  Ortiz v. McBride, 380 F.3d 649, 654 (2d Cir. 2004) (quoting Giano v. Selsky, 238 F.3d 223, 225 (2d Cir. 2001)).

Moreover, the Supreme Court has made clear that where due process is the claimed deprivation, administrative remedies must be exhausted provided that such remedies are constitutionally adequate, Zinermon v. Burch, 494 U.S. 113, 125-26 (1990), and mere officer negligence does not give rise to a claim of deprivation without due process, Daniels v. Williams, 474 U.S. 327, 330-31 (1986).

As the City Defendants correctly argue, the SAC does not allege that intentional conduct caused the plaintiffs' food stamp case to be closed temporarily.  Rather, with respect to this claim, the plaintiffs argue only that a phone conference, scheduled for August 13, 2008, never occurred.  This sort of "random and unauthorized" act of negligence cannot give rise to a due process violation so long as the state provides an adequate, post-deprivation remedy.  Parrat v. Taylor, 451 U.S. 527, 546 (1981), overruled on other grounds by Daniels, 474 U.S. 327.  The defendants provided, and the plaintiffs took advantage of,[4] the requisite post-deprivation remedy.  The plaintiffs received a Fair Hearing on May 27, 2009, and a decision on the Fair Hearing was rendered on June 30, 2009.[5]

---

[4] In fact, the Plaintiffs concede that they have received multiple Fair Hearings over the years and do not allege that these Fair Hearings were inadequate. (SAC at 2, 5-7.)

[5] A court may take judicial notice of an opinion of an adjudicatory body that directly relates to the proceeding. Evans v. N.Y. Botanical Garden, No. 02 civ. 3591, 2002 WL 31002814, at *4 (S.D.N.Y. Sept. 4, 2002) ("A court may take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary

Moreover, subsequent to any state administrative fair hearing, the plaintiffs should have sought relief through Article 78 of the New York Civil Practice Rules in state court before turning to the federal forum. See, e.g., N.Y. Nat'l Org. for Women v. Pataki, 261 F.3d 156, 168-69 (2d Cir. 2001); Campo v. N.Y.C. Emps. Ret. Sys., 843 F.2d 96, 101-03 (2d Cir. 1988); Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 888 (2d Cir. 1987). Accordingly, the plaintiffs were not deprived of due process.

**3.**

The State and City Defendants also move for dismissal of the plaintiffs' § 1983 claims against the individual defendants for failure to allege the personal involvement of any of the named parties. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)(quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)). Where the officer is a supervisor, at a minimum, "liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior." Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003); see also

---

judgment."); see also Kramer, 937 F.2d at 773 ("[C]ourts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."). Accordingly, this Fair Hearing decision is properly considered on a motion to dismiss.

Iqbal, 129 S. Ct. at 1948; Solar v. Annetts, 707 F. Supp. 2d 437, 441 (S.D.N.Y. 2010). Beyond direct action by the state official, there is considerable disagreement in the Second Circuit as to how a plaintiff may sufficiently demonstrate indirect personal involvement of a supervisor. Compare Qasem v. Toro, 737 F. Supp. 2d 147, 150-52 (S.D.N.Y. 2010) (finding that "the five [Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)] categories supporting personal liability of supervisors still apply as long as they are consistent with the requirements applicable to the particular constitutional provision alleged to have been violated."), with Bellamy v. Mount Vernon Hosp., No. 07 Civ. 1801, 2009 WL 1835939, at *4 (S.D.N.Y. June 26, 2009) (finding that Iqbal abrogated three of the Colon categories) aff'd 387 Fed. App'x 55 (2d Cir. 2010) (summary order); see also Belleza v. Holland, 730 F. Supp. 2d 311, 317 n.1 (S.D.N.Y. 2010) (noting this split in opinion).[6] It is unnecessary to explore the outer reaches of supervisor liability because the SAC fails to allege any supervisor involvement.

The SAC is devoid of any mention of defendants Berlin,

---

[6] Indeed, the Court of Appeals for the Second Circuit has yet to address whether the Supreme Court's decision in Iqbal abrogates any of the five Colon categories. Without citing Iqbal, the Court of Appeals has noted that, under Colon, the personal involvement of a supervisory defendant may be shown by evidence that the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom. Scott v. Fischer, 616 F.3d 100, 110 (2d Cir. 2010). However, because the plaintiffs fail to plead facts supporting liability under any of the Colon categories, it is unnecessary to explore this issue for the purposes of deciding this motion.

12

Darby, Agbi, or Gibson.  In fact, the only individual defendant mentioned in the SAC is Ms. Martos.  The SAC alleges only that Ms. Martos "informed Petitioner(s) that they have 30 days from date of decisions to comply with the fair hearing decision." (Compl. at p. 3).  Merely informing the plaintiffs of a procedure cannot be construed as participation in the deprivation of constitutional rights.

Moreover, there is nothing in the SAC that could support an inference of liability with regard to any of the individual defendants.  As a result, the SAC fails to allege any personal or supervisory involvement of any of the individual defendants.  Thus, the SAC fails to set forth a claim against the defendants in their individual capacities.

**4.**

Alternatively, to the extent that the City and State Defendants are sued in their official capacities, such claims are dismissed.  As to the State Defendant,[7] the Eleventh Amendment protects a state from suit in federal court unless it consents or "Congress, pursuant to a valid exercise of its power, unequivocally states its intent to abrogate the state['s] immunity."  N.Y.C. Health and Hosps. Corp. v. Perales, 50 F.3d 129, 134 (2d Cir. 1995).  It is well-settled that Congress did

---

[7] Despite the fact that the State Defendant treats Eleventh Amendment immunity as a limitation on the subject matter jurisdiction of this Court, there is no need to consider that argument first.  See Dibbs v. Mazzarelli, No. 09 Civ. 5938, 2010 WL 3466920, at *1 n.1 (S.D.N.Y. Aug. 30, 2010).

not abrogate the Eleventh Amendment in enacting section 1983. Quern v. Jordan, 440 U.S. 332, 340-42 (1979). Moreover, this protection applies to suits for monetary damages against state officials sued in their official capacities because such officials are not "persons" under the statute. Will v. Mich. Dep't of Police, 491 U.S. 58, 70-71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office. As such, it is no different from a suit against the State itself." (citations omitted)). Accordingly, the Eleventh Amendment Immunity bars the plaintiffs' claims for monetary damages. To the extent that the SAC seeks prospective injunctive relief, which is not barred by the Eleventh Amendment, see Ex parte Young, 209 U.S. 123, 159-60 (1908); Dube v. State Univ. of N.Y., 900 F.2d 587, 595 (2d Cir. 1990), it fails to state a claim for the reasons set forth above.

As to the City Defendants, a suit against a municipal employee in his or her official capacity must allege conduct pursuant to an official policy or custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Here, the SAC fails to identify any official policy or custom.

Accordingly, because the SAC fails to state a claim upon which relief can be granted against the named parties in either their individual or official capacities, it must be dismissed.

## CONCLUSION

The Court has carefully considered all of the parties' arguments. For the reasons explained above, the defendants' motions to dismiss are **granted** and the plaintiffs' motion for summary judgment is **denied**. The Second Amended Complaint is therefore dismissed. The Clerk is directed to enter judgment dismissing the Second Amended Complaint and closing this case. The Clerk is also directed to close all pending motions.

SO ORDERED.

Dated: New York, New York
March 22, 2011

_____
John G. Koeltl
United States District Judge